**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANTONIO ROSS,                                                                    PLAINTIFF
ADC #155232

V.                                      5:18CV00127-BSM-JTK

GERALD ROBERSON, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Antonio Ross is an inmate confined at the W.C. "Dub" Brassell Adult Detention Center (Jail), who filed this pro se 42 U.S.C. § 1983 action against two Defendants, complaining about conditions of confinement at the Jail (Doc. No. 2). This Court granted Plaintiff's Motion to Proceed in forma pauperis on June 26, 2018, and directed him to submit an Amended Complaint, noting that he failed to include any specific allegations of improper conduct by the Defendants (Doc. No. 8).   Plaintiff has now

submitted an Amended Complaint. (Doc. No. 9).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton

v. Hernandez, 504 U.S. 25, 32 (1992).

### III.    Facts and Analysis

In his Original Complaint, Plaintiff alleged improper conditions of confinement at the Jail, but he failed to allege personal involvement by the Defendants, or how the conditions personally affected him. (Doc. No. 2) In the June 27, 2018 Order, the Court directed Plaintiff to submit an Amended Complaint, which would render his Original Complaint without legal effect, and which should: "**1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he is incarcerated as a pretrial detainee.   Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Doc. No. 8, p. 4)

In the Amended Complaint, Plaintiff complains that he suffers back pain from sleeping on a mat in an "unsanitary and overcrowed evirment (sic) of appox. 72 in a pod," which caused him to live in fear. (Doc. No. 9-1, p. 4) He also complains about mold in the shower causing him stomach pains and a rash on his feet. (Id.) However, again, he fails to refer to the Defendants and to allege their knowledge and/or participation in the alleged improper conditions.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   Although Plaintiff states he is incarcerated for reasons other than as a pretrial detainee or as a convicted detainee (Doc. No. 9-1, p. 3), the Court will analyze his claims as those pursued by a pretrial detainee, under the Fourteenth Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).   "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of time of exposure to the allegedly unconstitutional conditions. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).   "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter,

5

501 U.S. 294, 304 (1991)). "Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.))

In this case, Plaintiff complains that his mat is too thin and causes him back pain, that the pod is overcrowded and causes him fear, and that the mold in the shower caused him pain and rashes.    He does not allege that he complained to Defendant Roberson or specifically how the County is involved.    Therefore, it appears that he named Defendant Roberson solely based on his position as Sheriff.    However, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.    See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).    A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.    Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).    In addition, in order to hold a County liable, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.    Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).    Plaintiff does not include any of these allegations in his Amended Complaint.

In addition, Plaintiff's allegations do not rise to the level of cruel and unusual punishment, as they do not allege the "deprivation of a single, identifiable human need such as food, warmth, or exercise." See Whitnack, 16 F.3d at 957.   Therefore, based on this case law and Plaintiff's vague allegations, the Court finds that Plaintiff's claims against Defendants should be dismissed, for failure to state an Eighth Amendment claim for relief.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.     This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3.     The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 25th day of July, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.